```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**TONY ALLEN COOLEY,**

                       **Plaintiff,**

           **v.**                                               **CASE NO. 22-3145-SAC**

**DIAMOND MEDICAL, et al.,**

                       **Defendants.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se. His fee status is pending.

## Nature of the Complaint

The court construes the complaint to name two defendants, Melanie, a nurse practitioner with Diamond Medical and Paul, a therapist at the Bert Nash Community Mental Health Center. Plaintiff alleges he had pneumonia, became septic, and was taken to the emergency room at Lawrence Memorial Hospital. He states that defendant Melanie "padded [his] meds", resulting in him nearly receiving a lethal dose of Haldol and Zyprexa, two medications to which he is allergic. He makes no allegations concerning the remaining defendant, Paul. Likewise, plaintiff does not explain the relief he seeks.

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon

which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's

decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

**Discussion**

The court has examined the complaint and notes certain deficiencies.

First, as explained, to state a claim under Section 1983, a plaintiff must assert acts by government officials acting under color of law that caused a deprivation of the plaintiff's constitutional rights. *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). This means that the only proper defendants in a Section 1983 claim are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)). The present complaint does not

provide sufficient information to establish that the defendants acted under color of state law.

Next, a *prisoner's* right to adequate medical care is long-established. *See Estelle v. Gamble*, 429 U.S. 97 (1976). As a pretrial detainee, plaintiff's right to medical care is secured by the Due Process Clause of the Fourteenth Amendment and is analyzed under the same standard as that applied in a case brought under the Eighth Amendment by a convicted person. *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002).

Under the governing standard, officials violate the Constitution when they act with "deliberate indifference to an inmate's serious medical needs." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). The deliberate indifference standard has both an objective and a subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994 "[T]he focus of the objective component is the seriousness of the plaintiff's alleged harm, while the focus of the subjective component is the mental state of the defendant with respect to the risk of that harm." *Prince v. Sheriff of Carter Cnty.*, 28 F.4th 1033, 1044 (10th Cir. 2022).

A plaintiff satisfies the objective component by showing that the medical need involved in the complaint was "sufficiently serious." *Farmer*, 511 U.S. at 834 (citation omitted). "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's

attention." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (internal quotation marks omitted). "The substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Id.* (internal quotation marks omitted).

Next, under the subjective component, a plaintiff must show that the defendants acted with "a sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). The necessary state of mind is one of deliberate indifference to inmate health or safety." *Id.* (internal quotation marks omitted).

The standard of deliberate indifference creates a high bar for imposing liability. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner," *Estelle*, 429 U.S. at 104, nor does negligence satisfy the deliberate indifference standard, as "Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer*, 511 U.S. at 835 (citation omitted).

Here, plaintiff appears to allege no more than negligence. He does not explain the claim that defendant Melanie padded his medications, and because it does not appear that plaintiff actually was administered any harmful medication as a result, he has not identified any harm he suffered. Finally, the complaint does not identify any specific relief sought by the plaintiff.

For these reasons, the court will direct plaintiff to show cause why this matter should not be dismissed for the reasons explained. In the alternative, plaintiff may submit a complaint that cures the

defects described. If he chooses to amend the complaint, plaintiff must use court-approved forms. In order to add claims or significant factual allegations, or to change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not an addendum or supplement to the original complaint but completely supersedes it. Therefore, any claims or allegations not presented in the amended complaint are no longer before the court. Plaintiff may not simply refer to an earlier pleading; instead, the complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint. Plaintiff must include the case number of this action on the first page of the amended complaint.

In addition, plaintiff must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must refer to each defendant in the body of the complaint and must allege specific facts that the describe the allegedly unconstitutional acts or omissions by each defendant, including dates, locations, and circumstances.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **August 5, 2022**, plaintiff shall show cause why this matter should not be dismissed for the reasons discussed herein. In the alternative, plaintiff may submit an amended complaint by that date that cures the defects identified in this order. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 18th day of July, 2022, at Topeka, Kansas.


                                    S/ Sam A. Crow
                                    SAM A. CROW
                                    U.S. Senior District Judge